UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| MONICA WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV413-277 |
| | ) | |
| INTERNATIONAL LONGSHOREMAN | ) | |
| ASSOCIATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Having paid this Court's $400 filing fee, plaintiff Monica Wilson brings this Title VII employment discrimination case against the International Longshoreman Association and others. Doc. 1. She is responsible for serving her complaint under Fed. R. Civ. P. 4.1 and is warned that she faces dismissal if she violates Rule 4(m)'s 120-day limit.

I. **FURTHER INSTRUCTION**

The Court **ORDERS** plaintiff to serve upon any Rule-4 served

---

1   The Court is not informed whether the union entities she seeks to sue are incorporated. In any event, "A plaintiff may serve process on a corporation by delivering the summons and complaint to an officer, managing or general agent, or other agent who is authorized to receive service of process.   Fed.R.Civ.P. 4(h)(1)(B). The plaintiff must make proof of service to the court by submitting the server's affidavit. Fed.R.Civ.P. 4(l)(1)." *White v. Americas Servicing Co.*, 461 F.Appx. 841, 842 (11th Cir. 2012).

defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or its counsel. Fed. R. Civ. P. 5. "Every pleading must have a caption with the court's name, a title, [and] a file number." Fed. R. Civ. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk and which fails to include a caption or a certificate of service will be disregarded by the Court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court of any change of her address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case. Local Rule 41.1.

Plaintiff is responsible for pursuing this case. For example, if she wishes to obtain facts and information about the case from defendants, she must initiate discovery. *See generally* Fed. R. Civ. P. 26, *et seq*. Plaintiff does not need the permission of the Court to begin discovery.

However, under Rule 26(f), plaintiff is under a duty to confer with opposing counsel to develop a plan of discovery and must do so before seeking discovery from any source. *See* Fed. R. Civ. P. 26(d), (f). If plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

Interrogatories and requests for the production of documents provide a practical method of discovery for pro se litigants. Fed. R. Civ. P. 33, 34. Interrogatories and requests for production may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as defendants. Interrogatories and requests for production *shall not be filed with the court*. Interrogatories are not to contain more than twenty-five questions. Fed. R. Civ. P. 33(a)(1). If plaintiff wishes to propound more than twenty-five interrogatories to a party, she must have permission of the Court. *Id.* In a request for production, plaintiff may request the opposing party to produce any designated documents for the purpose of inspection and copying. The request must set forth the items to be inspected either by

individual item or by category, and describe each item and category with reasonable particularity. Fed. R. Civ. P. 34(b)(1). The request should specify a reasonable time and place (such as a defendant's place of business) for making the inspection. *Id.*

Should it become necessary to file a motion to compel discovery under Fed. R. Civ. P. 37, plaintiff should first contact the attorney for each defendant to try to work out the problem; if the problem cannot be resolved, plaintiff must file a statement certifying that opposing counsel has been contacted in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(1). Plaintiff has the responsibility for maintaining her own records of the case. If plaintiff loses papers and needs new copies, she may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page, or retrieve them online through PACER.

It is the plaintiff's duty to cooperate fully in any discovery which may be initiated by a defendant. Evasive or incomplete responses to discovery will not be tolerated and may subject plaintiff to severe sanctions, *including dismissal of this case.* Should any defendant

endeavor to take plaintiff's deposition, plaintiff shall permit her deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

## II. ADDITIONAL INSTRUCTIONS

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if plaintiff fails to respond to a motion to dismiss, the Court will assume that plaintiff does not oppose defendant's motion.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a defendant's statement of material facts will, if evidentially supported, be deemed admitted unless specifically controverted by an opposing statement. Should a defendant file a motion for summary judgment,

plaintiff is advised that she will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be met by reliance upon the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be evidentially supported (e.g., by affidavit(s)), plaintiff must show lack of such support, if not file counter-affidavits, if she desires to contest defendant's statement of the facts. Should plaintiff fail to rebut the defendant's showing (e.g, illuminate the lack of evidentiary support if not also file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial), the consequences are these: any factual assertions made in defendant's affidavits will be accepted as true and summary judgment will be entered against her pursuant to Fed. R. Civ. P. 56.

**SO ORDERED** this  9th  day of January, 2014.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA