UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| MONICA WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV413-277 |
| | ) | |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO; WILLIE HAYWOOD; EDDIE MCBRIDE; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL NUMBER 1414, SAVANNAH, GEORGIA; GEORGIA STEVEDORE ASSOCIATION, INC.,[1] | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Having paid this Court's $400 filing fee, *pro se* plaintiff Monica Wilson brought this Title VII employment discrimination case against the International Longshoreman Association, AFL-CIO, and others. Doc. 1. The Court directed her to comply with Fed. R. Civ. P. 4 and, should any

---

1  The caption has been amended to reflect the proper name of the various defendants, as reflected in their dismissal motions. Doc. 17 at 1; doc. 18 at 1; doc. 19 at 1; doc. 21 at 1. The Clerk is **DIRECTED** to correct the docket caption, and all subsequent filings shall conform.

defendant move to dismiss, respond or risk judgment against her. Doc. 4. All defendants except Willie Haywood (who was never served and thus is not in this case) have moved to dismiss either under Rule 4(m), docs. 17 & 18, or on other procedural grounds (Wilson failed to file a timely discrimination charge, failed to obtain an EEOC right-to-sue letter,[2] etc.). Docs. 19 & 21. Wilson opposes. Docs. 27, 28 & 29.

Plaintiff must follow the rules just like a represented party. *Mitchell v. Thompson*, 2014 WL 1647350 at * 3 (11th Cir. Apr. 25, 2014) ("Although we give liberal construction to the pleadings of *pro se* litigants, we nevertheless require them to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)."). "A civil action is

---

[2] "Under Title VII of the Civil Rights Act of 1964, as amended, the filing of an administrative charge with the [Equal Employment Opportunity Commission (EEOC)] initiates "an integrated, multi-step enforcement procedure" that enables the EEOC to detect and remedy various discriminatory employment practices. *See E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 61-62, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984). This process includes notice to the employer within a specified time period that a charge has been filed, *see Shell Oil Co.*, 466 U.S. at 63, 104 S.Ct. 1621; 42 U.S.C. § 2000e-5(b); and the commission's investigation of the charges, 466 U.S. at 63, 104 S.Ct. 1621. . . . It is settled law that in order to obtain judicial consideration of ... a [Title VII] claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred." *Pijnenburg v. W. Ga. Health Sys., Inc.*, 255 F.3d 1304, 1305-06 (11th Cir.2001) (citing 42 U.S.C. § 2000e(5)(e)(1) (2013)); *Pinkney v. Mobis Alabama, LLC*, 2013 WL 5493199 at *13 (M.D. Ala. Sep. 30, 2013).

commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Rule 4(m)'s 120-day time period for service begins to run when a complaint is filed. Rule 4(m). And "[i]t shall be the responsibility of the plaintiff . . . to effectuate prompt service of the summons and a copy of the complaint or to obtain and file a signed waiver of service in accordance with Rule 4 of the Federal Rules of Civil Procedure." Local Rule 4.3.

Wilson filed her complaint on December 23, 2013, docs. 1 & 2,[3] so she had until April 22, 2014 to serve the defendants. The Court's January 9, 2014 Order reminded her that she "'may serve process on a corporation by delivering the summons and complaint to an officer, managing or general agent, or other agent who is authorized to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). The plaintiff must make proof of service to the court by submitting the server's affidavit. Fed. R. Civ. P. 4(l)(1).' *White v. Americas Servicing Co.*, 461 F.App'x 841, 842 (11th Cir. 2012)." Doc. 4 at 1 n. 1.

Wilson also was required to exhaust her Title VII administrative

---

3   She also moved for leave to proceed *in forma pauperis* (IFP), doc. 2, but the Court denied it for lack of sufficient information about her claimed indigency. Doc. 3 at 4. She paid the $400 filing fee on January 4, 2014. Rule 3 does not qualify when an action is commenced (e.g., whether the filing fee has been paid or IFP-waived), so December 23, 2013 is the controlling date here.

remedies before filing her complaint. Hence, she was limited only to those claims and parties that she raised in her EEOC charge. Long-settled law placed her on notice of this requirement. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004), cited in *Williams v. Revco Discount Drug Centers, Inc.*, 552 F. App'x 919, 921 (11th Cir. 2014); *Slocum v. Matyas*, 2014 WL 172086 at * 3 n. 2 (M.D. Fla. Jan. 2014); *supra* n. 2.

The defense dismissal motions show that plaintiff failed to name specific defendants in her EEOC charge and/or properly serve them (e.g., their registered agents, as opposed to whatever lawyer happened to represent them in past dealings with her) within Rule 4(m)'s 120-day limit. Doc. 17 at 2-4; doc. 18 at 1-4; *see also id.* at 3 (showing that defendant McBride was not a respondent in Wilson's EEOC charge); doc. 19 at 1-2; *see also* doc. 19-1 at 3 (Georgia Stevedoring Association, Inc. (GSA), received no notice of Wilson's EEOC charge against it); doc. 19-2 at 2-3 (showing that plaintiff failed to include a summons or waiver form with her Rule 4 service upon the GSA); doc. 20 at 1 (arguing dismissal for, *inter alia*, plaintiff's failure to name it in her EEOC charge); doc. 21 (she

failed to exhaust Title VII administrative remedies against the ILA).

Wilson's responses -- themselves untimely under L.R. 7.5 -- rely on her apparent wish to revise the rules so that she may simply serve any lawyer who happens to represent a defendant in pre-lawsuit proceedings, irrespective of whether he is a corporate officer, managing or general agent, or other agent who is authorized to receive service of process. Doc. 27 at 1 (arguing that it is reasonable and thus sufficient to serve counsel simply because he appeared in an earlier proceedings); doc. 28 at 1 (same). Otherwise, she simply ducks defendants' other arguments outright. *See, e.g.*, doc. 29 (simply ignoring GSA's administrative exhaustion and other Title VII procedural defenses).

The dismissal motions (docs. 17, 18, 19, & 21) should be **GRANTED** and Wilson's case should be **DISMISSED WITH PREJUDICE** against all served defendants. The Court also directed plaintiff to show why it should not dismiss never-served defendant Willie Haywood under Rule 4(m). Doc. 26. She has failed to respond, so her case against him must be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this 4th day of September, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**